STONE, Judge.
This is an appeal by an employer from a final judgment entered pursuant to a jury verdict in favor of the plaintiff, a former employee, for breach of an employment agreement.
The employer contends that the trial court erred by failing to direct a verdict against the plaintiff because he had signed a resignation and because there was evidence that he lied at the time of his employment interview concerning the reason for his discharge from a previous employment. The plaintiff contends that his resignation was involuntary and made under duress when he was fired and advised that the appellant would only reconsider the discharge if the employee formally resigned.
Generally an employee who elects to resign gives up his right to sue for breach of contract. But a resignation that is involuntary because of duress is voidable. See Mullan v. Bishop of the Diocese of Orlando, 540 So.2d 174 (Fla. 5th DCA 1989); McLaughlin v. State, Department of Natural Resources, 526 So.2d 934 (Fla. 1st DCA 1988). See also City of Miami v. Kory, 394 So.2d 494 (Fla. 3d DCA), rev. denied, 407 So.2d 1104 (Fla.1981).
*1136 We have examined the record and conclude that there was sufficient evidentiary-support for the trial court’s decision to submit all issues to the jury. We recognize that there was substantial evidence supporting the employer’s contention that the employment contract was fraudulently induced. However, this evidence was contested, disputed and, to some extent, impeached by plaintiff’s evidence. The conflicting testimony was for the jury to resolve. The plaintiff was entitled to have all evidence viewed in a light favorable to him as the non-moving party, and to have all conflicts resolved in his favor. See, e.g., Collins v. School Board of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985).
Therefore, the final judgment is affirmed.
HERSEY, C.J., and WARNER, J., concur.